■ In the Matter of RICHARD T. DiSTEFANO, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [799 NYS2d 624]—

Per Curiam. Respondent was admitted to practice by this Court in 1986. He maintains an office for the practice of law in the City of Albany.

Petitioner has filed nine charges of professional misconduct against respondent, including allegations of substantial conversion of client funds over a period of years which continued as late as April of this year. Simultaneously with the filing of the petition of charges, petitioner moves to suspend respondent from the practice of law pending consideration of the disciplinary charges against him, pursuant to this Court's rules (see 22 NYCRR 806.4 [f]). Respondent admits the charges and specifications, except for specification (1) of charge VI, which petitioner withdraws. Respondent has submitted an affirmation in opposition to petitioner's motion.

We find that respondent is guilty of professional misconduct immediately threatening the public interest and therefore grant petitioner's motion. Although respondent professes reform, the motive and means for continuing his pattern of misconduct are still present. We also note that respondent has been previously cautioned by petitioner on two occasions and censured by this Court in 2003 (see Matter of DiStefano, 309 AD2d 1060 [2003]).

Mercure, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is suspended from practice, effective upon service on respondent of this decision and order and until further order of this Court; and it is further ordered that respondent, for the period of suspension, is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority; or to give to another an opinion as to the law or its application, or any advice with relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (see 22 NYCRR 806.9).